✏ JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael G. Neri, James A. Neri, Mary T. Neri and Carol M. Neri

## DEFENDANTS
Metropolitan Insurance and Annuity Company, Metropolitan Life Insurance Company, Metropolitan Tower Life Insurance Company, MetLife, Inc. and MetLife

**(b)** County of Residence of First Listed Plaintiff: Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New York, New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

David B. Sherman, Esquire
SOLOMON, SHERMAN & GABAY
1628 John F. Kennedy Boulevard, 8 Penn Center, Suite 2200
Philadelphia, PA 19103  (215)665-1100

Attorneys (If Known)

William C. Foster, Esquire/ Allison B. Goldis, Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
1845 Walnut Street, 18th Floor, Philadelphia, PA 19103
(215) 575-4551/ (215) 575-2897

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits. | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
|  | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 195 Franchise | | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | |
| ☐ 230 Rent, Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities— Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another District (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332; 28 U.S.C. 1441 and 1446

Brief description of cause:
Breach of Contract, Statutory Bad Faith, Deceit, Fraudulent Inducement, Bad Faith and Breach of Good Faith and Fair Dealing, Negligence, Negligent Misrepresentation, Unjust Enrichment and Imposition of a Constructive Trust, Breach of Fiduciary Duty, Reformation, Declaratory and Injunctive Relief

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: Honorable Stewart Dalzell
DOCKET NUMBER: 2:08-cv-03029-SD

5/9/11
DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT              APPLYING              JUDGE                MAG. JUDGE
                                         IFP

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: <u>47 USC 553</u>
                                    Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MICHAEL G. NERI, JAMES A. NERI, | : | CIVIL ACTION |
| MARY T. NERI and CAROL M. NERI | : | |
| v. | : | |
| METROPOLITAN INSURANCE AND | : | |
| ANNUITY COMPANY, ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.    ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d)  Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.    (x)

| | | |
|---|---|---|
| May 9, 2011 | WILLIAM C. FOSTER | DEFENDANTS |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-575-4551 | 215-575-0856 | wcfoster@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

    (a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

    (b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

    (c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

    (d)    Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

    (e)    Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

    Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff    603 Niblick Lane, Wallingford, PA; 208 Maryhill Road, Phoenixville, PA; 3804 Brookview Road, Philadelphia, PA

Address of Defendant    200 Park Avenue, New York, NY 10166

Place of Accident, Incident or Transaction    Delaware County, Pennsylvania
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))    Yes ☐  No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number:    2:08-cv-03029-SD    Judge    Honorable Stewart Dalzell    Date Terminated

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☒  No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?    Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B.  *Diversity Jurisdiction Cases*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____  counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE _____  _____  _____
                                Attorney-at-Law            Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE _____  _____  _____
                                Attorney-at-Law            Attorney I.D. #

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL G. NERI, individually and as Trustee under a certain agreement of trust and as Executor of the Estate of Carmen Neri, and<br>JAMES A. NERI, individually and as Executor of the Estate of Carmen Neri, and<br>MARY T. NERI, individually and as Executrix of the Estate of Carmen Neri, and<br>CAROL M. NERI, individually<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN INSURANCE AND ANNUITY COMPANY, a Delaware corporation, and<br>METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, and<br>METROPOLITAN TOWER LIFE INSURANCE COMPANY, a Delaware corporation, and<br>METLIFE, INC., a Delaware corporation, and<br>METLIFE<br><br>Defendants. | CIVIL ACTION |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendants, Metropolitan Insurance and Annuity Company, Metropolitan Life Insurance Company, Metropolitan Tower Life Insurance Company, MetLife, Inc. and MetLife, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby file this Notice of Removal of this case from the Court of Common Pleas of Philadelphia County,

1

Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania, on the basis of diversity jurisdiction, and in support thereof avers as follows:

1. Plaintiffs, Michael G. Neri, James A. Neri, Mary T. Neri and Carol M. Neri, commenced this action by Complaint filed on April 16, 2011 in the Court of Common Pleas of Philadelphia County, Pennsylvania, docketed as April Term, 2011, No. 01964.  (A true and correct copy of Plaintiff's Complaint is attached hereto and marked Exhibit "A").

2. The Complaint was served on April 22, 2011.

3. Plaintiffs' Complaint asserts claims for breach of contract, bad faith and breach of the covenant of good faith and fair dealing, statutory bad faith, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), deceit, negligence, negligent misrepresentation, fraud-in-the-execution (Counts I, II and III), unjust enrichment and imposition of a constructive trust (Count IV), breach of fiduciary duty (Count V), reformation (Count VI), and declaratory and injunctive relief (Count VII).  (See Exhibit "A").

4. The Complaint states that Plaintiff, Michael G. Neri, is a citizen of the Commonwealth of Pennsylvania who resides at 603 Niblick Lane, Wallingford, Pennsylvania.  (Exhibit "A", ¶ 1).  Therefore, upon information and belief, Plaintiff Michael G. Neri is a citizen of the Commonwealth of Pennsylvania.

5. The Complaint states that Plaintiff, James A. Neri, is a citizen of the Commonwealth of Pennsylvania who resides at 208 Maryhill Road, Phoenixville, Pennsylvania.  (Exhibit "A", ¶ 2).  Therefore, upon information and belief, Plaintiff James A. Neri is a citizen of the Commonwealth of Pennsylvania.

6. The Complaint states that Plaintiff, Mary T. Neri, is a citizen of the Commonwealth of Pennsylvania who resides at 3804 Brookview Road, Philadelphia,

Pennsylvania. (Exhibit "A", ¶ 3). Therefore, upon information and belief, Plaintiff Mary T. Neri is a citizen of the Commonwealth of Pennsylvania.

7. The Complaint states that Plaintiff, Carol M. Neri, is a citizen of the Commonwealth of Pennsylvania who resides at 3804 Brookview Road, Philadelphia, Pennsylvania. (Exhibit "A", ¶ 4). Therefore, upon information and belief, Plaintiff Carol M. Neri is a citizen of the Commonwealth of Pennsylvania.

8. Defendant, Metropolitan Insurance and Annuity Company, has been merged into Defendant, Metropolitan Tower Life Insurance Company, which is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 200 Park Avenue, New York, New York 10166.

9. Defendant, Metropolitan Life Insurance Company, is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 200 Park Avenue, New York, New York 10166.

10. Defendant, MetLife, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 200 Park Avenue, New York, New York 10166.

11. Defendant, MetLife, is not a corporation that conducts insurance business, but rather a name that is used by a group of insurance companies, including Metropolitan Life Insurance Company.

12. Based upon the allegations of Plaintiffs' Complaint, the amount in controversy in this action is in excess of Seventy- Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as Plaintiffs have demanded, *inter alia*, compensatory and consequential damages, plus treble damages, punitive damages and attorneys' fees in Counts I, II and III; the imposition of a

constructive trust, attorneys' fees and disbursements in Count IV; damages, including punitive and exemplary damages, and attorneys' fees and disbursements in Count V; equitable reformation of insurance policies, attorneys' fees and disbursements in Count VI; and declaratory and injunctive relief attorneys' fees and disbursements in Count VII.

13. As such, this Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

14. The present lawsuit is accordingly removable from the state court to the United States District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

15. This Notice of Removal has been filed within thirty (30) days after receipt by Defendants of the Complaint in accordance with 28 U.S.C. § 1446(b).

16. Written notice of the filing of this Notice of Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d) and as noted in the attached Certificate of Service.

17. Promptly after filing with this Court and with the assignment of a Civil Action Number, a copy of this Notice of this Removal will be filed with the Court of Common Pleas of Delaware County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

18. Copies of all process, pleadings and other Orders which have been received by Defendants in this action are filed herewith.

WHEREFORE, Defendants, Metropolitan Insurance and Annuity Company, Metropolitan Tower Life Insurance Company, Metropolitan Life Insurance Company, MetLife, Inc. and MetLife, respectfully request that they may effect the Removal of this action from the

Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

>Respectfully submitted:
>
>MARSHALL, DENNEHEY, WARNER,
>COLEMAN & GOGGIN
>
>BY: _____
>WILLIAM C. FOSTER, ESQUIRE
>ALLISON B. GOLDIS, ESQUIRE
>PA Attorney I.D. Nos. 03511/ 90596
>1845 Walnut Street, 18th Floor
>Philadelphia, PA 19103
>215-575-2600/ 215-575-0856 (F)
>wcfoster@mdwcg.com
>abgoldis@mdcg.com
>*Attorneys for Defendants*

Dated: 5/9/11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL G. NERI, individually and as Trustee under a certain agreement of trust and as Executor of the Estate of Carmen Neri, and JAMES A. NERI, individually and as Executor of the Estate of Carmen Neri, and MARY T. NERI, individually and as Executrix of the Estate of Carmen Neri, and CAROL M. NERI, individually : : : : : : : : : : Plaintiffs, : : v. : : METROPOLITAN INSURANCE AND ANNUITY COMPANY, a Delaware corporation, and METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, and METROPOLITAN TOWER LIFE INSURANCE COMPANY, a Delaware corporation, and METLIFE, INC., a Delaware corporation, and METLIFE : : : : : : : : : : Defendants. : | CIVIL ACTION |

## CERTIFICATION

I, WILLIAM C. FOSTER, ESQUIRE, hereby certify that the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
WILLIAM C. FOSTER, ESQUIRE
*Attorneys for Defendants*

Dated: 5/9/11

| | |
|---|---|
| **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**<br>BY:   WILLIAM C. FOSTER, ESQUIRE<br>         ALLISON B. GOLDIS, ESQUIRE<br>PA Attorney I.D. Nos. 03511/ 90596<br>1845 Walnut Street, 18th Floor<br>Philadelphia, PA 19103<br>215-575-2600/ 215-575-0856 (F) | Attorneys for Defendants |

| | |
|---|---|
| MICHAEL G. NERI, individually and as Trustee under a certain agreement of trust and as Executor of the Estate of Carmen Neri, and<br>JAMES A. NERI, individually and as Executor of the Estate of Carmen Neri, and<br>MARY T. NERI, individually and as Executrix of the Estate of Carmen Neri, and<br>CAROL M. NERI, individually<br>                    Plaintiffs,<br>          v.<br>METROPOLITAN INSURANCE AND ANNUITY COMPANY, a Delaware corporation, and METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, and METROPOLITAN TOWER LIFE INSURANCE COMPANY, a Delaware corporation, and METLIFE, INC., a Delaware corporation, and METLIFE<br>                    Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>APRIL TER, 2011<br><br>NO. 01964 |

## NOTICE TO THE PROTHONOTARY OF PHILDELPHIA COUNTY

TO:   THE PROTHONOTARY OF THE COURT OF
        COMMON PLEAS OF PHILADELPHIA COUNTY

Pursuant to 28 U.S.C. § 1446(a), Defendants, Metropolitan Insurance and Annuity Company, Metropolitan Tower Life Insurance Company, Metropolitan Life Insurance Company, MetLife, Inc. and MetLife, file herewith a copy of the Notice of Removal filed in the United States District Court for the Eastern District of Pennsylvania on the below date.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
WILLIAM C. FOSTER, ESQUIRE
*Attorneys for Defendants*

Dated: 5/9/11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL G. NERI, individually and as Trustee under a certain agreement of trust and as Executor of the Estate of Carmen Neri, and JAMES A. NERI, individually and as Executor of the Estate of Carmen Neri, and MARY T. NERI, individually and as Executrix of the Estate of Carmen Neri, and CAROL M. NERI, individually<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN INSURANCE AND ANNUITY COMPANY, a Delaware corporation, and METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, and METROPOLITAN TOWER LIFE INSURANCE COMPANY, a Delaware corporation, and METLIFE, INC., a Delaware corporation, and METLIFE<br><br>Defendants. | CIVIL ACTION |

## CERTIFICATE OF SERVICE

I, William C. Foster, Esquire, hereby certify that a true and correct copy of the foregoing Notice of Removal and Notice to the Prothonotary of Philadelphia County were served on the below date via United States Mail, First Class, postage pre-paid, upon the following individual:

David B. Sherman, Esquire
SOLOMON, SHERMAN & GABAY
1628 John F. Kennedy Boulevard
8 Penn Center, Suite 2200
Philadelphia, PA  19103
*Attorneys for Plaintiffs*

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

_____
WILLIAM C. FOSTER, ESQUIRE
*Attorneys for Defendants*

Dated: 5/9/11